21  775
29a 501

## THE STATE v. H. S. JOHNSON.

A Clerk of an institution, who has nothing to do with its fiscal affairs, and who happens to be in possession of its money, or to have it under his care, otherwise than by virtue of his office or clerkship, is not indictable for its converson to his own use under Article 771, Penal Code.

An indictment for this offence, which does not distinctly state that the defendant had the possession, or care of this money by virtue of his clerkship, when he converted it to his own use, cannot be sustained.

Appeal from Cherokee.    Tried below before Hon. R. A. Reeves.

Indictment for embezzlement.

*Attorney General*, for the State.

ROBERTS, J.    This indictment charges that " H. S. Johnson Clerk, (of a Lodge of Odd Fellows, &c.,) did receive as Clerk as aforesaid, from divers persons, the sum of sixty dollars of the property of said corporate body, and did then and there convert the said sixty dollars to his own use, without the consent of his employers," &c.

The Article of the Code, (771,) under which this is drawn, reads as follows, (leaving out that which cannot apply to this case,) to-wit :

" ARTICLE 771. If any officer, agent, or clerk of any incorporated company or institution, shall convert to his own use, without the consent of his principal or employer, any money or property of another, which shall have come to his possession, or shall be under his care, by virtue of said office, agency, or employment, he shall be deemed guilty of theft," &c.

It is the breach of trust that constitutes the gist of the offence. Unless a duty or trust has been imposed there can be no breach of trust. It is not every officer of an institution, that is incorporated, who can be held liable under this Statute, by converting to his own use the money of the institution, but only such officers, clerks, or agents, as have the money of their principal or employer, (the institution,) which shall have come to their possession, or shall be under their care, by virtue of said office, agency, or clerkship. A clerk then of an institution, who has nothing to do with its fiscal affairs, and who happens to be in possession of its money, or to have it under his care, otherwise than by virtue of his office or clerkship,— as upon safe-keeping for the treasurer for instance—is not indictable for its conversion to his own use. Because the institution is not his principal in that sense, and has not employed him for that purpose, and has not trusted him with the money. In that case the treasurer would be his principal or employer and would have trusted him.

The Court cannot know, judicially, what are the duties of a clerk of such a corporate body. It being alleged that he received the money as clerk, it might be thence inferred that it was the duty of the clerk to receive or keep the money of the Lodge. That inference, however, could only be indulged on the presumption that, being honest, he would not have received it, unless it was his duty, which presumption of his honesty the indictment seeks to contradict. Upon this allegation rests the criminality of the matter, and therefore it should not appear as matter of inference, but should be directly alleged, especially in so important an offence as that which may amount to a felony. The increasing business of the country makes it necessary to trust men, as officers, agents, and clerks, with money and property, who are entirely irresponsible in respect to their means of re-payment, should they convert it to their own use ; and who, however good their intentions might be at the time, might not be able to replace it, and who, if they are

so disposed, often have the opportunity, from their position, of concealing the detection of its conversion by them. This Statute is designed to furnish the principal or employer with some guaranty that such officer, agent, or clerk, so entrusted, shall not convert it to his own use at all, without the consent of such principal or employer.

For the reason then that this indictment does not distinctly state that defendant had the possession or care of this money by virtue of his clerkship, when he converted it to his own use, it cannot be sustained. Judgment affirmed.

Judgment affirmed.