## J. H. GILLIARD V. THE STATE.

### No. 3886. Decided January 12, 1916.

Rehearing denied February 9, 1916.

**1.—Embezzlement—Appeal—Final Sentence.**

Where, upon appeal from a conviction of embezzlement, the record disclosed a want of final sentence and judgment, but a certificate that such final sentence was entered in the trial court having been filed in this court, the appeal will be decided on its merits.

**2.—Same—Indictment—Fiduciary Relations.**

Where, upon trial of embezzlement, the indictment failed to allege any fiduciary relations between the parties alleged in the indictment and the defendant, the same was insufficient.

**3.—Same—Rule Stated—Embezzlement—Agency.**

In order to constitute embezzlement the indictment must allege and the proof show defendant's agency and that he was charged with the duty of receiving the alleged embezzled property; that he received the same by virtue of his agency and thereupon embezzled it. Following Webb v. State, 8 Texas Crim. App., 310, and other cases.

**4.—Same—Embezzlement.**

Where the indictment alleged the embezzlement of property from Mount Cavalry Baptist Church instead of Calvary, the same might constitute a fatal variance, which, in view of another indictment, is not decided.

Appeal from the District Court of Williamson. Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.—On question of insufficiency of the indictment: Hanson v. State, 35 Texas Crim. Rep., 593.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This conviction was for embezzlement. An inspection of the record discloses that it does not contain a sentence or final judgment. For this reason the jurisdiction of this court has not attached, and the appeal as presented by this record will be dismissed.

*Dismissed.*

### ON REHEARING.

### February 9, 1916.

DAVIDSON, JUDGE.—On a former day of this term the appeal herein was dismissed because the record failed to show that appellant had been sentenced in the trial court. Without this sentence, which is the final judgment, the jurisdiction of this court could not attach. Since the appeal was dismissed a motion has been filed for rehearing, with the

correct certificate and copy of the sentence in the trial court showing the fact that appellant was properly sentenced, but that part of the record was omitted in the transcript for this court. With this satisfactory evidence before the court, that appellant was sentenced in the trial court, and that, therefore, the jurisdiction of this court does attach, the judgment dismissing the appeal is set aside and the cause reinstated, and the cause will now be heard upon the questions involved in the appeal.

Appellant was convicted of embezzlement, his punishment being assessed at two years confinement in the penitentiary.

The first count in the indictment alone was submitted to the jury by the charge of the court. Omitting formal parts, this count charges that appellant was "the clerk, agent, servant, employe· and officer of Mt. Cavalry Baptist Church at Taylor, Texas, a voluntary association of persons, and Wm. Harrison, A. Nelson and J. S. Slider were trustees then and there of said Mt. Cavalry Baptist Church, and as such trustees they had the custody and control and were the special owners of the fund and property and money hereinafter mentioned, and the said J. H. Gilliard did then and there fraudulently embezzle, misapply and convert to his own use without the consent of the said Wm. Harrison, A. Nelson and J. S. Slider or either of them, $350 in money of the value of $350, which said money was the property of said Wm. Harrison, A. Nelson and J. S. Slider, special owners as above alleged, and which said money had come into the possession and was under the care of the said J. H. Gilliard by virtue of his said office, agency and employment."

It will be noticed that this indictment does not charge any fiduciary relation between Harrison, Nelson and Slider and the defendant. In order to constitute a party guilty of embezzlement the indictment must allege and the evidence show four things: First, the defendant's agency, and. that he was charged with the duty of receiving the property; second, the receipt of the property; third, its receipt by virtue of his agency, and, fourth, its embezzlement. Webb v. State, 8 Texas Crim. App., 310; Epperson v. State, 22 Texas Crim. App., 694; Leonard v. State, 7 Texas Crim. App., 417; Griffin v. State, 4 Texas Crim. App., 390; State v. Johnson, 21 Texas, 775; Brady v. State, 21 Texas Crim. App., 659; Taylor v. State, 29 Texas Crim. App., 466. In order to have made this indictment sufficient under the law it should have alleged not only the ownership by these three parties named as trustees and their possession and control of the money, but it should have alleged that the money was received by appellant from them in some fiduciary relation as agent, employe, etc., and that after alleging the fact of this fiduciary relation and agency, that he then subsequently after receiving the money embezzled and appropriated it to his own use. This indictment does not so charge, and under these authorities we are of opinion that the indictment is insufficient to charge the offense of embezzlement as stated in the first count. This being the only count

submitted to the jury by selection of the trial judge, the other counts are not noticed.

There is another question in the case of some moment. This can be avoided upon the filing of another indictment, and it is just simply mentioned in passing. The indictment charged the property to belong to a Baptist church known as Mt. Cavalry Baptist Church. The evidence, without any dispute or question, shows the name of the church to be Mt. Calvary and not Mt. Cavalry. The pleader, if another indictment is found, should take time and precaution to allege the proper name of the real owner or the Baptist church, which is Mt. Calvary and not Mt. Cavalry. This latter question is raised in various ways both on objection to testimony and in charges, and in fact presented in every way it could be presented. We have not discussed this, though a serious question, for the reason of the fact it will be cured upon another trial, if another indictment is found.

Believing the indictment is insufficient in regard to the matters pointed out, the judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*