### F. E. PYE v. THE STATE.

No. 6694.    Decided February 22, 1922.

**1.—Embezzlement—Sufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Continuance—Motion for New Trial—Want of Diligence.**

Where one of the absent witnesses proved to be dead, and no diligence was shown as to the other two, and besides the testimony was not material there was no reversible error in overruling the application.

**3.—Same—Evidence—Bill of Exceptions—Check—Evidence—Argument of Counsel.**

Upon trial of embezzlement, where the evidence showed that defendant had cashed a certain check and embezzled the proceeds, there was no error in admitting in evidence said check; nor was there any error as to the argument of counsel, or the asking of the witness a certain question, in the absence of a sufficient bill of exceptions.

**4.—Same—Evidence—Bill of Exceptions.**

Where appellant complained that a witness was allowed to answer affirmatively that he had seen a number of checks of a certain real estate corporation, but the bill did not set out the attendant circumstances, or other reasons why this testimony was inadmissible, there was no reversible error.

**5.—Same—Evidence—Declarations of Defendant.**

On trial of embezzlement, there was no error in admitting testimony that defendant told the witness that he got the money and that he did not know why he had not paid it back.

**6.—Same—Charge of Court—Requested Charge.**

On trial of embezzlement there was no error in refusing certain requested charges, to the effect that the defendant deposited the money received by him in the name of a certain real estate corporation, he should be acquited, as the evidence tended to show that the defendant himself was said real estate company.

**7.—Same—Temporary Appropriation—Charge of Court.**

Where upon trial of embezzlement, the issue of a temporary appropriation on the part of defendant was not raised by. the evidence, there was no. error in not submitting such an issue.

**8.—Same—Requested Charge.**

There was no error in refusing a requested charge as to the payment of the alleged money, as the same was unsupported by the evidence.

**9.—Same—Requested Charge—Deposit—Fraudulent Appropriation.**

On trial of embezzlement, it was wholly immaterial as to where defendant deposited the money, as the issue involved was whether he received said money as the agent of the party injured and subsequently fraudulently appropriated it.

Appeal from the Criminal District Court of Harris; tried below before the Honorable C. W. Robinson;

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, and *E. T. Branch*, District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of felony embezzlement in the Criminal District Court of Harris County, and his punishment fixed at two years in the penitentiary.

Appellant was a real estate agent and from the evidence negotiated for the purchase of certain real property in the city of Houston, acting in the capacity of agent for one Smith. There was a vendor's lien evidenced by a note, against said property, the amount of which was $950, and appellant informed Mr. Smith that if he would pay him that amount he in turn would pay off the lien note and secure a release of same. Thereupon Mr. Smith gave to appellant his check for $950, which was paid by Mr. Smith's bank. Only a part of said note was paid to Mr. Wallace, the holder thereof, and when the purchase of the property was finally consummated, because of the fact

that Mr. Wallace had only received $300 from appellant, Mr. Smith was compelled to pay and did pay to Mr. Wallace $650 additional in order to settle said lien note. The indictment, trial and conviction of appellant followed. We have no doubt from the evidence of the fact of appellant's agency for Mr. Smith within the contemplation of our embezzlement statutes. Nor do we think the record lacking in evidence of Mr. Smith's non-consent to the appropriation of his money by appellant. In fact the record contains abundant evidence of the fact that the money was not paid to Mr. Wallace, and that notwithstanding Mr. Smith's repeated efforts to secure its return from appellant, he had been entirely unsuccessful.

Appellant asked for a continuance because of the absence of three witnesses. The refusal of this continuance was made part of the grounds of the motion for a new trial. The State controverted appellant's said motion, and upon evidence then heard the court found that one of said absent witnesses was dead. No diligence was shown as to the other two. Appellant was indicted on May 19, 1921, and procured the issuance of no process until June 2nd thereafter. The unsupported affidavit of appellant that he employed a non-resident attorney who failed to have process issued because of illness, would not suffice. There should have been some additional showing of such facts. Nor do we think the testimony of said two absent witnesses of such materiality as to have called for a continuance. Their testimony as set out in the application consists of conclusions. It was not stated that either of them was present at any transaction that took place between appellant and Mr. Smith, or knew of his own knowledge anything pertaining thereto.

Appellant has a number of bills of exception to matters occurring on the trial, none of which show error. The admission in evidence of the check for $950 given by Mr. Smith to appellant was correct. A bill of exceptions to a remark of the State's attorney in argument which does not set out such remark, presents nothing for our consideration. Nor does the bill complaining that a witness was asked a certain question, the answer to which question is not stated in said bill.

Bill of exceptions No. 5 complains that a witness was allowed to answer affirmatively that he had seen a number of checks of the Houston Real Estate and Loan Corporation. Neither this bill nor bill of exceptions No. 7 sets out any of the surrounding circumstances or other reason by which this court may know that the matter objected to was not admissible.

Complaint that witness Wallace was permitted to testify that appellant told him that he did get the money of Mr. Smith, and that he did not know why he had not paid it over to Mr. Wallace, would seem to us without foundation.

We think the court correctly refused the request for an instructed verdict on behalf of appellant. A requested charge to the effect that if appellant deposited the money received by him from Mr. Smith in

the name of the Houston Real Estate and Loan Corporation, that he should be acquitted,—was properly refused. From what appears in the record we gain no information that there was any such corporation, and are led to infer that appellant himself was doing business under the name of the Houston Real Estate and Loan Corporation. We think there was no error in refusing appellant's special charge which is in effect a repetition of his requested instruction of not guilty.

We find nothing in the record tending to raise the issue of a temporary appropriation on the part of appellant. The money of Mr. Smith went into his possession. He was shown to have admitted that he got it and did not know why he had not paid it according to Mr. Smith's instructions, and it was shown that he had no money in the bank at the time of the trial.

A requested instruction that appellant should be acquitted if he had in fact paid said money on said note to Mr. Smith, was correctly refused as same was not only wholly unsupported by any testimony, but was contrary to all the evidence introduced.

Appellant's bill of exception No. 15 is based upon an erroneous conception of the law. It would make no difference in what name appellant deposited the money of Mr. Smith, or that he was keeping his account in the bank in the name of the Houston Real Estate and Loan Corporation. The questions involved were whether he received the money as agent of Mr. Smith, and that he subsequently appropriated it to his own use, and that such conversion was with fraudulent intent.

Finding nothing in the record presenting a reversible error, the judgment of the trial court will be affirmed.

*Affirmed.*