### F. M. COPELAND V. THE STATE.

No. 17100. Delivered January 30, 1935.
Reported in 78 S. W (2d) 972.

The opinion states the case.

*W. T. Locke* and *Guy H. McNeely,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of embezzlement of money less than fifty dollars, and his punishment was assessed at a fine of $200.00.

The record before us shows that the appellant conceived the idea of promoting a barbecue for the benefit of the unemployed people of Wichita Falls. Apparently for such purpose, he solicited funds with which to defray the necessary expenses of

it. On or about the first day of May, A. D. 1934, he approached Mr. T. A. Hicks, the prosecuting witness, to whom he made known his object, and who, upon being informed by appellant of his purpose, donated the sum of five dollars and delivered it to appellant. It appears that upon such representations being made by appellant to various persons he received by donations something over $218.00 and approximately 880 or 900 pounds of meat. He engaged the services of several men at fifty cents per hour to prepare and cut the meat but he failed to pay them for their services. The only thing he bought and paid for out of the funds collected was $3.35 with which he purchased mustard and pickles. He had ordered bread, which was delivered to appellant at the place where the barbecue took place, but when he did not pay for it, it was taken back. When it was brought to the knowledge of Mr. Sam Spence that appellant had no bread to be served with the meat, Mr. Spence ordered bread and paid for it himself.

It is contended by appellant that this evidence does not support a conviction against him for embezzling Hicks' five dollar donation; that the relation of agent and principal did not exist so as to make appellant criminally liable under the testimony, article 1534, P. C., reads as follows:

"If any officer, agent, clerk, employee, or attorney at law or in fact, of any incorporated company or institution, or any clerk, agent, attorney at law or in fact, servant or employee of any private person, copartnership or joint stock association, or any consignee or bailee of any money or property, shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency or employment, he shall be punished in the same manner as if he had committed a theft of such money or property."

The controlling question in this case, as we understand the law, is, was there such fiduciary relations existing between the appellant and Mr. Hicks, the donor, as would constitute one principal and the other agent in regard to the money received by appellant from Mr. Hicks? The testimony is uncontradicted that appellant was soliciting donations for the purpose of providing for a barbecue for the benefit of the unemployed. He was not acting in the interest of Mr. Hicks, the donor. He (the appellant) was ostensibly acting for and on behalf of the unemployed, whoever they were. Mr. Hicks had not authorized or instructed him to promote a barbecue; he had nothing to do

with it except to donate five dollars to what appeared to him to be a worthy cause. When Mr. Hicks made the donation he did not expect a return of this money. To constitute embezzlement under our statute, the conversion must be of money or property of the principal, or employer; and it must have come into the possession of the agent or employee by virtue of such agency or employment. Unless these facts exist and are proven, while the obtaining of such money might be a crime, it does not come within the purview of the statute denouncing embezzlement. See Reed v. State, 16 Tex. App., 586.

Having reached the conclusion that the money was not collected by appellant by virtue of an agency or employment, his appropriation of same would not be the crime of embezzlement. It would appear to be, if anything, theft by false pretext.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.