## MOORE INKS v. THE STATE.

No. 19347. Delivered February 2, 1938.
Rehearing denied April 6, 1938.

284

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of bookmaking, pool selling and taking a bet on a horse race, and his punishment was assessed at a fine of $200 and confinement in the county jail for a period of thirty days.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information. In the case of Mervin Ash v. State, recently decided but not yet reported [page 208 of this volume], a similar complaint and information was upheld, and for the reasons there assigned, we overrule appellant's contention.

Appellant next contends that the court erred in declining to sustain his motion to dismiss this case because the law with reference to bookmaking, pool selling, etc., has been amended to make the same a felony, and that he desired to be tried under the amended law.

It is true that the maximum punishment prescribed for said offense under the law as amended on June 25, 1937, increased the punishment for said offense to confinement in the State Penitentiary from one to five years; however, the minimum punishment has not been materially changed.

Moreover, the amendment was not in effect at the time appellant was tried on July 20, 1937. It did not become effective until September 25, 1937, some two months later. Hence the court committed no error in overruling said motion. See Article 13, P. C.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's first contention is that we erred in holding the information not duplicitous. There is but one count in the information, which, omitting formal parts, reads as follows: "That on or about the 13th day of January, A. D. 1937, one Moore Inks did then and there unlawfully engage and assist in pool selling and bookmaking and taking and accepting a bet on a horse race which was then to be run on the 13th day of January A. D. 1937, at Alamo Downs in the County of Bexar of the State of Texas, contrary to the statutes, etc."

Article 647, P. C., provides: "No person or any agent of any association of persons or any corporation shall at any place in this State, engage or assist in pool selling or bookmaking on any horse race or by means of any pool selling or bookmaking, take or accept any bet or aid any other person in betting or taking or accepting any bet upon any horse race to be run, trotted or paced in this State."

It is obvious from the language of the statute that it is not necessary that an offender be charged with all the acts mentioned therein; it is sufficient if the information charges that he did any or all the acts. The information charges the different and various ways by which the offense was committed, as contradistinguished from different offenses. Where the offense charged is a misdemeanor, the information may allege

the offense to have been committed in either or all of the ways stated in the statute. See Pope v. State, 71 Texas Crim. Rep. 261; Blackwell v. State, 92 Texas Crim. Rep. 473, and authorities there cited.

Appellant contends also that we erred in holding the verdict sufficient. Construing the verdict as written, there is no doubt as to the intention of the jury to find appellant guilty of the offense charged and to fix his punishment at a fine of $200 and 30 days in jail.

Appellant also contends that Articles 647 and 648, P. C., were by implication repealed by Act of the 45th Legislature, 1st C. S., S. B. No. 2, and that the punishment fixed by Article 650, P. C., was therefore unauthorized. This question was thoroughly discussed in the opinion on rehearing in the case of Ash v. State, No. 19294, March 30th, 1938 [page 208 of this volume], and appellant's contention there decided against him. It is not deemed necessary to again discuss it.

Appellant further urges that we should have held that the trial court erred in declining to sustain his motion to dismiss on the ground that the county court had no jurisdiction. Appellant contends that at the time he was put on trial the punishment prescribed for the offense had been ameliorated and that he was entitled to be tried under the new law prescribing a lesser punishment.

The complaint was filed on the 13th day of January, 1937. Appellant was placed on trial July 20th. In the meantime, the 45th Legislature had prescribed a different punishment for a violation of said law. They changed the punishment from a misdemeanor to a felony. In our original opinion we stated that the revised law did not go into effect until September 25th, some two months after appellant was tried. This was an oversight. The law became operative immediately upon its passage and was in force when the case was tried, but not when the offense was committed. Appellant was not entitled to have his motion sustained and the case dismissed.

Article 13, P. C., reads as follows: "When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed except when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elects to receive the penalty prescribed by the law in force when the offense was committed."

Unless the penalty for said offense was ameliorated by the subsequent law appellant has no just ground for complaint. It will be noted that under the Act of the 1st C. S., 45th Legislature, a person convicted of a violation of said law is a felon, no matter whether his punishment is assessed at confinement in the penitentiary or whether it be by fine and imprisonment in the county jail. This automatically deprived him of the rights and privileges of citizenship. The later penalty was such that although the minimum fine and imprisonment might be assessed it was, in its nature, more severe than any penalty that could have been assessed under the law as it existed at the time of the commission of the offense. The new law not only took from him his money and liberty, but the rights and privileges of citizenship. Under the former law conviction could not deprive a defendant of citizenship. See Kendall v. State, 55 Texas Crim. Rep. 139.

The motion for rehearing is overruled.