W. E. FELLERS V. THE STATE.

No. 20,778.  Delivered January 31, 1940.

The opinion states the case.

*Duncan & Davis,* of Gonzales, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense is embezzlement of $20.24. The punishment assessed is confinement in the county jail for fifteen days and a fine of $25.00.

This prosecution arose under and by virtue of a contract entered into by the defendant and one W. B. Green. This con-

tract provided that for the period of one year (during the year 1938) the relation of landlord and tenant should exist between the parties; that Green would rent to the appellant a 70 acre farm, and as rent should receive about one-third of the crops raised thereon. The contract further recited that "if and when we obtain any U. S. Govt. money on this farm we agree to share equally in the division of same." Said contract was duly signed and witnessed on December 31, 1937. Later appellant received a check from the government for $70.00, while Green received one for only $30.00. He insisted that he was still due some $20.00 because of the terms of the contract, and hence appellant was prosecuted for embezzlement.

The offense of embezzlement is defined by Art. 1534 P. C. as follows: "If any officer, agent, clerk, employee, or attorney at law or in fact, of any incorporated company or institution, or any clerk, agent, attorney at law or in fact, servant or employee of any private person, co-partnership or joint stock association, or any consignee or bailee of money or property shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency, or employment, he shall be punished in the same manner as if he had committed a theft of such money or property."

It has been many times said by this court that: "In order to sustain a prosecution for embezzlement against an agent of a private person or corporation, four distinct propostions of fact must be established in evidence beyond a reasonable doubt. (1) That the defendant was the agent of the person or corporation, as alleged and by the terms of his employment was charged with the duty of receiving the money of his principal; (2) that he did so receive money belonging to his principal; (3) that he received it in the course of his employment; (4) that he embezzled, misapplied, or converted it to his own use." That statement is found in Pye v. State, 237 S. W. Rep. 916; Gilliard v. State, 182 S. W. Rep. 1136; Pope v. State, 158 S. W. Rep. 527; Hamer v. State, 131 S. W. Rep. 813; Taylor v. State, 16 S. W. 302; Huntsman v. State, 12 Texas Crim. App. 619; Webb v. State, 8 Texas Crim. App. 311.

It is apparent then that the relation of principal and agent must exist in some form. If the proof fails to show that the same was established beyond a reasonable doubt the proof

would be insufficient to sustain the conviction. That rule is applicable to the facts of this case.

It is also fundamental that in cases of embezzlement or theft title must be at the time the offense is committed in the injured person. This $70 check was payable to appellant and was his, given to him by the U. S. Government for some reason not shown, and title passed into him. The $30 check belonged to Mr. Green, coming from the same source, and was Green's property, with full title thereto. The only reason that Green could claim any portion of appellant's check was because of that portion of the rental contract which provided that "if and when we obtain any U. S. Govt. money on this farm we agree to share equally in the division of same." Then by virtue of this contract each owed the other equal division of these moneys, failing which they violated this last portion of the contract, and thereon would lie a civil suit for such violation.

The necessary element of principal and agent is not here present. Mr. Green had no greater rights nor different rights from appellant. Both obligations were the same and rested not in the penal law of embezzlement but only in the right given by this contract. There is no agency present, each check being the property of the person to whom it was made payable. When these funds went into each person's possession, they were his own to do with as each pleased, and there became subject to the terms of this contract which each could follow as he saw fit, and which contract depended for its enforcement upon the civil code alone. The facts herein do not evidence an embezzlement. See Copeland v. State, 78 S. W. (2d) 972; also Branch's Penal Code, Sec. 2605.

The judgment is therefore reversed and the cause remanded.