

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| PATRICIA ESQUIVEL, | § | No. 08-16-00154-CV |
| Appellant, | § | Appeal from |
| v. | § | 384th District Court |
| ENRIQUE GARCIA D/B/A | § | of El Paso County, Texas |
| GARCIA & REBE LAW FIRM PLLC, | § | (TC # 2015-DCV1631) |
| Appellee. | § | |

## O P I N I O N

A claimant may obtain summary judgment on either liability, damages, or both by showing the absence of any genuine issue of material fact on those issues. TEX.R.CIV.P.166a(a). Because we conclude the movant here failed to meet that burden, we reverse and remand the case to the trial court.

### PROCEDURAL AND FACTUAL SUMMARY

Patricia Esquivel worked as a receptionist for attorney Enrique Garcia, who does business as Garcia & Rebe Law Firm, PLLC (collectively G&R). She began her employment in October 2011 and resigned on November 26, 2014. G&R later sued Esquivel, alleging that she left with several receipt books reflecting payments by the firm's clients, and that she embezzled approximately $4,000 per month over an undisclosed period. The petition sought monetary relief

of $144,000 in "loss of revenue" and $56,000 in exemplary damages. Esquivel answered with a general denial.

G&R moved for summary judgment asking for $200,000, or alternatively, for partial summary judgment on any part of the claim to which it proved entitlement. The motion was supported by the deposition of Esquivel, her discovery responses, several business records of the firm, and a surveillance video of Esquivel on her last day of employment. This last item was not attached in any manner to the motion, but was rather noted as being "available on request."[1] Esquivel filed an untimely response to the motion that did not include any evidence, but only argued that G&R had failed to meet its burden to show the absence of a genuine issue of material fact. The trial court granted the motion on both liability and damages, and entered judgment for G&R for $200,000 plus court costs. To properly frame the issues on appeal, we discuss the evidence supporting the summary judgment in a bit more detail.

### Esquivel's Deposition

G&R attached Esquivel's deposition transcript to the motion for summary judgment. The examination attempted to prove circumstances consistent with Esquivel having embezzled funds from the firm. For instance, the questioner attempted to elicit the amount of Esquivel's and her family's earnings. She was then questioned about her bank records, which were apparently made an exhibit to the original deposition, but *not* included as a part of the summary judgment exhibit. We presume that G&R believes it can show Esquivel made more deposits into her account than her legitimately earned income might support.

On deposition, Esquivel was never asked directly if she stole from the firm, but she did deny any number of predicates surrounding G&R's case. She denied that she was the only person

---

[1] It is not part of the record on appeal.

who accepted client funds or had access to the "receipt book" that documented those payments. She denied having knowledge that G&R had reconciled those receipt books shortly before she resigned, or that the firm harbored suspicions that she was stealing money. She denied taking anything on her last day of work other than her notary book and notary stamp. She claims she left the firm because she was being harassed. In sum, nothing in her deposition amounts to a confession of embezzling funds, but at most lays a groundwork for the circumstantial case G&R was attempting to make.

## Esquivel's Discovery Responses

The second exhibit to the motion for summary judgment includes Esquivel's discovery responses. In her answers to interrogatories, Esquivel claims to have resigned due to working conditions at the firm, which she describes in detail. She claimed that client payments were accepted by anyone who may have been at the front desk, that the payments were documented in a receipt book, and that the monies were then given to Garcia directly, left on his chair, or given to another employee. Her responses to requests for disclosure claim as her legal theory, and the factual basis for the same: "I did not do it." In her responses to requests for admissions, she denied not turning over all cash payments to G&R at the end of each workday, and denied that she took any of the receipt books when she resigned from the firm.

## G&R's Business Records

G&R attached a series of receipts of what are presumably client payments. While Garcia attached his own affidavit establishing himself as the firm's record custodian, the affidavit does not authenticate or explain what these records are, or how they are relevant to the litigation. Similarly, G&R attached a ledger that includes a column labeled "amount missing" for various clients between October 2013 and November 2014. The aggregate total is reported as $8,169.75.

There is no explanation as to who prepared the ledger, nor how it was prepared. The motion also attached an "employee warning notice," dated November 26, 2014 (the day Esquivel resigned). The notice references two specific missing client payments totaling $400. Esquivel signed the warning form, but the form itself states "Signing this form does not necessarily indicate that you agree with this warning."

## STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). G&R sought a traditional summary judgment under TEX.R.CIV.P. 166a(a). Under a traditional motion, the moving party carries the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Tranter v. Duemling*, 129 S.W.3d 257, 260 (Tex.App.--El Paso 2004, no pet.). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Fort Worth Osteopathic Hospital*, 148 S.W.3d at 99. If the movant establishes its right to summary judgment, the burden then shifts to the non-movant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

## DAMAGES AND LIABILITY

Esquivel bring two issues for review. She challenges the grant of the summary judgment on damages (Issue One) and liability (Issue Two). We agree with both.

4

Embezzlement requires proof that (1) the defendant was the agent of the person or corporation harmed and was charged with the duty of receiving money for the principal, (2) the defendant received money belonging to the principal in the course of employment, and (3) the defendant embezzled, misapplied, or converted it to her own use. *Saden v. Smith*, 415 S.W.3d 450, 471 (Tex.App.--Houston [1st Dist.] 2013, pet. denied), *citing Fellers v. State*, 138 Tex.Crim. 307, 308, 136 S.W.2d 217, 218 (Tex.Crim.App. 1940) and TEX.PENAL CODE ANN. § 32.45 (West 2016)(misapplication of fiduciary property). G&R established that Esquivel was its agent, and that she had the duty of receiving client payments on its behalf. However, nothing in the summary judgment record conclusively establishes that she embezzled, misapplied, or converted the money to her own use. To the contrary, she denied doing so.

To obtain damages, G&R was required to show the amount taken. Again, it failed to do so. The only exhibit that addressed damages was an unauthenticated (or even explained) ledger that appears to document $8,169.75 in missing payments over a twelve-month period. Esquivel worked for G&R for a little more than three years. There is no basis in the summary judgment evidence to support damages of $200,000. The only explanation of that figure comes from the original petition ($144,000 in loss of revenue and $56,000 in exemplary damages), but pleadings are not summary judgment evidence. *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540 (Tex. 1971).

G&R's primary argument on appeal is that Esquivel did not timely file a response to the summary judgment motion.[2] G&R then relies on Rule 166a(c)'s provision that:"[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be

---

[2] The motion was filed on March 7, 2017, and set for hearing on April 6, 2016. Esquivel filed her response on April 4, 2016, two days before the hearing. A timely response would have been filed at least seven days before the hearing. TEX.R.CIV.P. 166a(c).

considered on appeal as grounds for reversal." This provision does not salvage an otherwise deficient traditional motion for summary judgment. As the Texas Supreme Court has explained:

> We are not to be understood, however, as shifting the burden of proof that exists in summary judgment proceedings. The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979)[Citations and footnote omitted]. Rather, the quoted portion of Rule 166a(c) requires the non-movant to timely raise any reasons that might "*avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue." [Emphasis in original]. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678. The non-movant would also need to object to the form of any of the affidavits or attachments made part of the summary judgment. TEX.R.CIV.P. 166a(f). However, the non-movant can, even without a response, argue that the movant never met its initial burden establishing the right to a traditional motion for summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999)(reversing summary judgment because movant had failed to carry initial burden); *Farrell v. Crossland*, 706 S.W.2d 158, 159 (Tex.App.--El Paso 1986, pet. dism'd)(when no response is filed to traditional summary judgment motion, non-movant may only challenge legal sufficiency of the ground asserted and whether the "movant's proof was insufficient to establish as a matter of law the specific grounds relied upon"). Because G&R's evidence did not conclusively establish either Esquivel's liability or the amount of G&R's loss, we sustain Issues One and Two. We reverse the summary judgment and remand the case for further proceedings.

July 26, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating