### W. B. Landrum v. The State.

No. 3054. Decided April 22, 1914.

Rehearing denied May 13, 1914.

**Embezzlement—Stock—Proceeds—Definition of Offense.**

Where, upon trial of embezzlement the evidence showed that the prosecutrix intrusted to defendant her stock in a life insurance company to be used by him for the purchase of stock in another corporation, the fact that defendant had authority to dispose of said prosecutrix's stock would not render it less embezzlement of the proceeds of the stock if he had the criminal intent at the time he received the same or after he sold the same to convert the proceeds thereof to his own use and benefit, and where the court submitted the issue in a proper charge, there was no reversible error.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of embezzlement; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Odell, Johnson & Harrell,* for appellant.—On question as to whether defendant embezzled stock or proceeds thereof: Henderson v. State, 55 Texas Crim. Rep., 640; Huggins v. State, 42 id., 364; Epperson v. State, 22 Texas Crim. App., 694.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Cole v. State, 16 Texas Crim. App., 461; Leonard v. State, 7 id., 417; McCrary v. State, 51 Texas Crim. Rep., 502.

HARPER, JUDGE.—Appellant was convicted of embezzlement, and his punishment fixed at five years confinement in the penitentiary.

Appellant contends that the facts do not show that he is guilty of the crime of embezzlement, and if they do, then he was guilty of embezzling the stock delivered to him by Mrs. Dunn, and not the proceeds of the stock, and could not be convicted under this indictment, which charged him with embezzling the proceeds derived from a sale of the stock. We have read the record critically, and have arrived at the conclusion that under the facts an indictment for embezzlement will lie. Mrs. Dunn testified she was the owner of certain stock in the Amicable Life Insurance Company. That appellant represented to her that he was agent of the Mutual Loan & Investment Company, and that the Mutual Loan & Investment Company had an option on two hundred and fifty shares of stock in the Western Casualty & Guaranty Co. That appellant induced her to deliver to him her stock in the Amicable Life Insurance Company, and gave a note for $300, for which he was to procure for her shares of stock in the Western Casualty & Guaranty Co. She swears positively, "I did not sell my stock to him" (appellant). If appellant only claimed to have an option to purchase Western Casualty & Guaranty Co. stock, and Mrs. Dunn did not sell him her stock, but delivered it to him to be used by him in procuring for her stock in the Western Casualty & Guaranty Co., such relations would be established between them as would bring him within the terms of art. 1416 of the Penal Code. An agency or fiduciary relationship would be shown by her testimony. The question here presented is discussed at length in the case of Leonard v. State, 7 Texas Crim. App., 417, and especially in the opinion on the motion for rehearing. As said in that case, the fact that appellant had authority to dispose of the Amicable Life Insurance Co. stock would not render it less embezzlement, if he had the criminal intent at the time he received the stock, or conceived the criminal intent after he had sold the stock, and then converted the proceeds to his own use and benefit. If she had sold the stock to appellant, of course, there could be no embezzlement, but she swears positively she did not do so, but delivered it to him under an agreement that he was to use it in procuring for her stock in the Western Casualty & Guaranty Co., upon which he had an option, and in this way the relationship between him and Mrs. Dunn

arose. He did not claim to own the Western Casualty & Guaranty Co. stock, only that he had an option to purchase it, and this stock of the Amicable Life Insurance Co. and the note were given to him with which to make the purchase for Mrs. Dunn. If the evidence conclusively showed that appellant had the fraudulent intent at the time he made the representations to Mrs. Dunn, perhaps appellant would be guilty of swindling and not embezzlement, but if at the time he made the representations he intended to procure the stock in the Western Casualty & Guaranty Co. for Mrs. Dunn, he would come lawfully into possession of the Amicable Life Insurance Co. stock, with authority to dispose of it, and the offense would be embezzlement. In the case of Golden v. State, 22 Texas Crim. App., 1, this court held, in an opinion by Presiding Judge White: "Defendant induced Mrs. Weedon to turn over the money to him, ostensibly and with the understanding that he was to deposit the same for her in bank for safe keeping. She intrusted it to him for that and no other purpose. At the very time he obtained it, it is true that to all intents and purposes he was a thief, intending to steal it; but in so far as she was concerned, she was only creating him her agent to take the money for deposit for her to the bank. The trust imposed in him by her was that he would, as her agent, take the money to the bank, and it was intrusted to him solely for that purpose. Instead of complying with the purposes of the trust and his agency, he misapplied, misappropriated, embezzled and converted to his own use the money so confided to him. The evidence makes a most clear and indubitable case of embezzlement, even though it may contain all the essential elements of theft also. It amply sustains the conviction for embezzlement, and we feel fully justified in adding that the facts developed in this record discover as heartless and as inhuman a wrong to obtain money by fraudulent devices as is rarely to be found in the history of crimes unaccompanied by personal violence." In this case there can be no question but that Mrs. Dunn intrusted her stock in the Amicable Life Insurance Company to appellant to be used by him in the purchase of Western Casualty & Guaranty Company stock, and for no other purpose. The question then arises, did appellant embezzle the stock or the proceeds of the stock, he being convicted of the latter offense? The court instructed the jury: "If you should believe from the evidence that at the time the defendant sold said certificates of stock to Mr. Stewart, he made the sale of the same as his own property with the intention at said time fraudulently to deprive Mrs. Dunn of their value and to appropriate it to his own use and benefit and with the intention that he would not carry out his agreement with Mrs. Dunn and would not invest said proceeds in certificates of stock in the Western Casualty & Guaranty Company for Mrs. Dunn, or if you have a reasonable doubt as to whether or not this was his intention at the very time he made the sale of said certificates of stock to Mr. Stewart, then the defendant can not be convicted under either of the counts submitted to you in this indictment and it will be your duty to give him the benefit of such doubt and acquit him." It

is thus seen that the issue was squarely submitted to the jury, and they find under the facts in the case that the intent to appropriate to his own use was conceived after he had sold the Amicable stock to Mr. Stewart, and if so he would be guilty of embezzling the proceeds of the sale and not the stock itself, and we can not say this conclusion is not warranted by the testimony. Appellant may at that time have intended to purchase Western Casualty & Guaranty Co. stock for Mrs. Dunn, and the fact that he sold her stock in the Amicable in the very town where he secured it from her would indicate as much, or a boldness in wrong-doing not often met with. At any rate we can not say that the jury were not authorized to so find, and as the court fairly submitted that issue to them and they find against him on this contention, the judgment is affirmed.

*Affirmed.*

Davidson, Judge, absent at consultation.

[Rehearing denied May 13, 1914.—Reporter.]