## Eugene Grice v. The State.

### No. 5820.  Decided November 3, 1920.

**1.—Embezzlement—Fiduciary Character of Agent—Rule Stated.**

In prosecutions for embezzlement, it is essential that the proof show that the relation charged in the indictment existed, and that the property came into the hands of the accused by virtue of such relationship, and where in the instant case the evidence did not meet the allegations in the indict- ment, the conviction could not be sustained.  Following Leach v. State, 46 Texas Crim. Rep., 509, and other cases.

**2.—Same—Cases Stated—Grand Lodge of Odd Fellows—Suspension of Local**

**Lodge—Misdemeanor—Felony.**

Where, from the indictment and the evidence on trial of embezzlement it appeared that the defendant was secretary of the local lodge of Odd Fel- lows; that the Grand Order of the lodge contained an insurance feature and that the secretary of the local lodge became the agent of the Grand Order to collect certain dues which were payable to the Grand Order quarterly; that the local order became in arrears and was suspended under the charter and by-laws by the Grand Order, and defendant was notified of his suspension; that prior to such suspension the amounts received by the defendant were small and trivial at the time, but that subsequently the defendant collected an amount in excess of fifty dollars and failed to remit it to the Grand Order, he could not be convicted of a felony, as his fiduciary relationship did not exist at the time.  Following Webb v. State, 8 Texas Crim. App., 310, and other cases.

**3.—Same—Evidence—Remittances—Post Office.**

Where defendant claimed that he had made certain remittances to the Grand Lodge through the post-office, such remittances could be proved if the postmaster had an independent recollection thereof, and such testimony should have been received.

**4.—Same—Evidence—Express Office—Negative Testimony.**

On trial of embezzlement the court below was not in error in permitting the express agent to testify that he had failed to find in the records in his office any stubs showing remittances by express money order by the defend- ant to the officer of the Grand Lodge, although this was negative testimony.

Appeal from the District Court of Delta.  Tried below before the Honorable Wm. Pierson.

Appeal from a conviction of embezzlement; penalty, two years im- prisonment in the penitentiary.

The opinion states the case.

*Newman Phillips*, for appellant.—On question of record of ex- press office: Wade v. State, 35 S. W. Rep., 663; Howard v. State, 32 id., 544; Earl v. State, 72 id., 376.

On question of requested charge: as to whether the offense was misdemeanor or felony: Parker v. State, 34 S. W. Rep., 265; Bon- ner v. State, 15 id., 821.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for embezzlement of an amount in excess of fifty dollars, and punishment fixed at confinement in the penitentiary for two years.

From the indictment and from the evidence, it appears that the appellant was secretary of the Excelsior Lodge No. 5155 of the Grand United Order of Odd Fellows of Texas. The Grand Order maintained an insurance feature, and the secretary of the local lodge became the agent of the Grand Order to collect certain dues which were payable to the Grand Order quarterly. These dues were collected from the individuals who were members of the lodge. In the indictment it is alleged that the appellant in his capacity as secretary collected certain moneys from individuals, and appropriated it to his own use. By reason thereof, he is charged with embezzlement in two counts, one charging that the money embezzled belonged to the members of the subordinate lodge, who had entrusted to the appellant the sums of money which he had failed to remit to the Grand Order. In the other count he is charged with having appropriated funds belonging to that corporation. The first count was abandoned, and the conviction rests upon the second count in the indictment.

From the evidence it appears that the local lodge was under the charter and by-laws subordinate to the Grand Order; that it was the duty of the secretary of the local lodge to receive the moneys paid by members of the order, and to make remittances to the Grand Order. The local lodge became in arrears in September, 1915, and was suspend under the charter and by-laws by the Grand Order, and the appellant as secretary of the local lodge was notified of this suspension. It is the theory of the State that prior to the suspension certain payments had been made to the appellant which he had failed to remit. The evidence of these payments is very meager, and indicates that the amounts were small and received at various intervals of time. Subsequent to the suspension, according to the State's theory, the appellant continued to collect dues, and in January, 1917, collected an amount considerably in excess of fifty dollars, and we gather from the record that the conviction rests upon his collection of these funds and failure to remit them to the Grand Order. In the statute defining embezzlement, it is said:

"If any officer, agent, clerk, or attorney at law or in fact, of any incorporated company or institution, or any consignee or bailee of money or other property, shall embezzle, fraudulently misapply, or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer, *which may have come into his possession or be under his care by virtue of such office, agency, or employment,* he shall be punished in the same manner as if he had committed a theft of such money or property."

It is essential in a prosecution for embezzlement that the proof

show that the relation charged in the indictment existed, and that the property came into the hands of the accused by virtue of such relationship. As applied to the present case, to sustain the conviction, it was essential that the proof show that the money embezzled was owned by the Grand Order (Leach v. State, 46 Texas Crim. Rep., 509; Manovitch v. State, 50 Texas Crim. Rep., 263), that the appellant was the agent of the Grand Order, that he received the property by virtue of such agency, and that he appropriated it to his own use. Webb v. State, 8 Texas Crim. App., 310; Vernon's Texas Crim. Statutes, vol. 1, p. 900. We understand the record to affirmatively shows that upon the suspension of the local lodge by the Grand Order in September, 1915, the agency of the appellant with the Grand Order ceased. At that time the functions of the local lodge as a subordinate lodge of the Grand Order terminated, and from that time until it was reinstated in April, 1917, neither it nor its officers had any relationship to the Grand Order. If this is a correct interpretation of the record, it is manifest that funds received by the appellant after the suspension of the local lodge were not received by him in his capacity as agent of the Grand Order, for the reason that that agency had ceased. His receipt of funds after that time was from the individuals, who believed themselves to be members of an unsuspended lodge, and who in fact were mistaken upon that point, and when the appellant received their moneys he doubtless diverted them, but he could not have received them by virtue of an agency for the Grand Order, which agency did not exist. If the appellant received by virtue of his agency and embezzled more than fifty dollars at one time, he would be guilty of a felony. If, however, the amount which he embezzled was less than fifty dollars, the offense would be a misdemeanor. As we understand the record, there is a failure to prove that prior to the suspension of the lodge he received or appropriated as much as fifty dollars in his capacity as agent for the Grand Order. Inasmuch as the amounts received by him subsequent to the suspension were not in the capacity of agent for the Grand Order, but bore upon the count in the indictment which was abandoned, the conviction for a felony, upon the evidence before us, cannot stand.

The appellant claimed that he had made certain remittances through the postoffice in 1916, and called the man who had been postmaster to corroborate him upon that issue. We think, if the postmaster had an independent recollection that the appellant had made the remittances through money orders issued by him, that his testimony upon the subject should have been received.

We think the court was not in error in permitting the express agent to testify that he had failed to find in the records of his office any stubs showing remittances by express money order by the appellant to the officers of the Grand Order. This was not affirmative, but negative testimony, and we understand that one who has ex-

amined books or memoranda in which records are usually kept may testify that he has failed to find therein a particular record. See Wharton's Crim. Evidence, sec. 321.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*