## B. A. BROWN v. THE STATE.

### No. 8646.   Delivered February 18, 1925.

### Rehearing denied March 18, 1925.

**1.—Embezzlement—Bills of Exception—Time of Filing.**

Art. 845, Vernon's C. C. P., provides that in the absence of any order, granting time in which bills of exceptions may be filed, all parties shall have 30 days after adjournment of the court in which to file statement of facts and bills of exceptions, in case the term of court does not extend more than eight weeks. Time for filing may be extended by an order of the court entered before the expiration of the time provided by law, or previously granted by the court. The bills of exception in this case were filed in time.

**2.—Same—Statements by Appellant—Properly Admitted.**

Statements made by appellant, at the time of the commission of the offense, as well as thereafter, of an incriminative character, are admissible in evidence, if material, and no error is shown in the admissions of appellant's statements in this case.

**3.—Same—Agency—Charge of Court—Definition of—Correct.**

Where on a trial for embezzlement the court charged the jury, "You are instructed that an agent is one who undertakes to transact some business, or to manage some affair for another, by authority and on account of the latter," such charge correctly presents the law and is approved. See Corpus Juris, Vol. 2, page 420.

**4.—Same—Embezzlement—Elements of.**

The same facts in a given case may constitute theft by fraudulent pretext, and embezzlement. The fraudulent pretenses which induce the owner to deliver his property to one whom he intends shall become his agent, does not affect the actual agency of the one who fraudulently receives the property with the pretended purpose of carrying out the trust agreed upon by him, and his subsequent appropriation of the property would complete the offense of embezzlement, just as it would if the state had relied upon the fraudulent pretences by which possession was secured, in prosecuting him for theft by fraudulent pretext. See Golden v. State; 22 Tex. Crim. App. 14, and other cases collated and discussed in motion for rehearing.

Appeal from the County Court at Law, of Tarrant County. Tried below before the Hon P. W. Seward, Judge.

Appeal from a conviction of a misdemeanor embezzlement; penalty, two years in the county jail and a fine of $200.00.

The opinion states the case.

*Mays & Mays,* of Ft. Worth, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court at law of Tarrant county of misdemeanor embezzlement, and his punishment fixed at two years in the county jail and a fine of $200.00.

There were three counts in the indictment, one charging theft in the ordinary form, one charging theft by bailee, and the third charging embezzlement. Only the third count was submitted by the learned trial judge. Two special charges were requested each of which was given. There are three bills of exception. The State contends that we can not consider said bills because filed too late. The contention is not supported. The trial term of the court below ended on January 5, 1924. In his order overruling the motion for new trial made on Jan. 3 the court granted 30 days in which to file bills of exception. On the 3rd of February the court granted an extension order, extending the time 60 days in which to file such bills of exception. The State contends that the 30-day period first granted had expired before February 3rd, and hence the trial court was without power on said last mentioned date to make an order extending the time. This would be true if the term of the trial court extended more than eight weeks but it did not. Art. 845, Vernon's C. C. P. provides that in the absence of any order at all parties to criminal cases shall have 30 days after adjournment of the court in which to file statements of fact and bills of exception, in case the term of court does not extend more than eight weeks. The term of the trial court ending January 5, 1924, and the extending order being made on February 3rd following, would be within the 30 days allowed by said statute. The bills were filed March 18th, and were in time.

The complaint in the first bill of exceptions is that witness Smith, owner of the alleged embezzled money, was permitted to testify that appellant told him on the night of the alleged embezzlement that he had arrested five other couples that night. In our opinion the testimony was admissible. The State's theory of the case was that appellant, pretending to be an officer, arrested Smith and his companions for parking their car by the roadside at night, and that appellant obtained $38.40 in money from Smith upon his promise and agreement to take said money and with it pay a fine and the costs which he said would be adjudged against Smith upon appellant entering a plea of guilty for Smith to a criminal charge based on what Smith was doing at the time. The testimony objected to

would appear to be a part of the representations used by appellant to induce Smith to turn over the money to him.

It is urged in the second bill of exceptions that the trial court erred in letting in a conversation testified to by witness Smith as having been had with appellant in regard to returning the money, which conversation was objected to upon the ground that it occurred subsequent to the commission of the alleged offense. We are unable to see the validity of the objection. If appellant came to Smith after having obtained from him the money, and probably after charges had been made, and had a conversation with him in regard to returning the money, this might be very material evidence.

The third bill of exceptions was taken to a paragraph in the charge of the court wherein the court said:

"Gentlemen: You are instructed that an agent is one who undertakes to transact some business, or to manage some affair for another, by the authority, and on account of the latter."

We find ourselves unable to uphold this contention. In Corpus Juris, Vol. 2, under the head of "Agency" on page 420, appears the following:

"An agent is defined to be one who acts for or in place of another by authority from him; one who undertakes to transact some business or manage some affair for another by authority and on account of the latter."

This appears to be in harmony with the instruction given by the trial judge.

Appellant has filed a brief in which he urges that he could not be guilty of the offense of embezzlement under the evidence in this case. He seems to insist that at most the question involved would be one of bailment. The relation of bailee as involved in our statute on theft by bailee is constituted where one obtains the property of another with the intent to use it for his own benefit, and then to return it. As we understand the facts in this case, it was not contemplated, if the State's theory be true, that the money should ever be returned to witness Smith. Appellant having arrested Smith in his pretended character as an officer, then entered into an agreement with him that he would act for Smith in taking the money of the latter and delivering it to the proper authorities in payment of a fine and costs which they would assess against Smith, upon complaint being made against him. We find nothing in Grice v. State, 225 S. W. Rep. 172, supporting any issue properly raised by the facts in this case. The money delivered to appellant was unquestionably the money of Smith. Appellant was undertaking as Smith's agent to deliver it to the proper authorities in payment of a fine which he informed Smith would be assessed against him. Appellant was not a judge or a sheriff and had no power to then assess or collect a fine. The fact that appellant was undertaking to do this

ostensibly without compensation would not alter the fact of his agency.

Not being able to agree with any of the propositions advanced, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The proposition is ably discussed in the motion that though the facts may show a case of theft by false pretext, yet if it appears that at the time appellant came into possession of the money he then intended to fraudulently appropriate it,—he may not be guilty of embezzlement but may be convicted of theft by false pretext; and it is insisted that the testimony shows such to be the case.

The question is of some interest, but seems to have been decided against appellant's contention even if his conclusion as to the facts be correct. In Leonard v. State, 7 Texas Crim. App. 444, appears this broad statement: "What is embezzlement? A fraudulent appropriation of the property of another, by a person to whom it has been intrusted." Golden v. State, 22 Texas Crim. App. 14, seems decisive against appellant. We quote:

"But, again, it is most urgently insisted that the evidence does not warrant a conviction for embezzlement; that if any offense is established against defendant, it is theft and not embezzlement. We are free to concede that the defendant might have been convicted, under the evidence developed of theft, by having obtained the money under false pretenses—the pretense being that he wanted to deposit it in bank to secure it for the owner—his intention at the time being to deprive the owner of it and appropriate it to his own use. But the fact that he might have been convicted of theft does not militate against the fact that he might, under the same circumstances, be guilty of the crime of embezzlement. 'All authorities treat embezzlement as akin to larceny, and the statutory offense of embezzlement mainly originates in a necessity which resulted from the inapplicability of the common law of larceny to breaches of trust by persons occupying fiduciary relations. Concisely defined, it is the fraudulent appropriation of another's personal property by one to whom it has been intrusted. The fraudulent conversion may be consummated in any manner capable of effecting it, and its commission is a question of fact and not of pleading when the indictment charges that defendant did embezzle, fraudulently misapply and convert to his own use the property entrusted to him.' (Leonard v. The State, 7 Texas Ct. App. 418; Cole v. The State, 16 Texas Ct. App. 461.)

Defendant induced Mrs. Weedon to turn over the money to him, ostensibly and with the understanding that he was to deposit the

same for her in bank for safe keeping. She intrusted it to him for that and no other purpose. At the very time he obtained it, it is true that to all intents and purposes he was a thief, intending to steal it; but in so far as she was concerned, she was only creating him her agent to take the money for deposit for her to the bank. The trust imposed in him by her was that he would, as her agent, take the money to the bank, and it was intrusted to him solely for that purpose. Instead of complying with the purposes of the trust and his agency, he misapplied, misappropriated, embezzled and converted to his own use the money so confided to him. The evidence makes a most clear and indubitable case of embezzlement, even though it may contain all the essential elements of theft also. It amply sustains the conviction for embezzlement, and we feel fully justified in adding that the facts developed in this record discover as heartless and as inhuman a wrong to obtain money by fraudulent devices as is rarely to be found in the history of crimes unaccompanied by personal violence.''

See also Landrum v. State, 166 S. W. Rep. 726. In the Golden case, supra, as in the instant case, there was one count charging theft by bailee and another charging embezzlement, and the contention was made, after conviction under the embezzlement count, that it was a case of theft by bailee and that the conviction could not stand. It would appear sound that the fraudulent intent in the mind of the person accused at the time the fiduciary relation was created, could not be used by him to combat and overturn the fact of such relationship and his receipt of the property from its owner by virtue thereof.

Is appellant correct in his assumption that the facts negative the existence of any agency relationship? Smith, the alleged owner of the money, testified that appellant told him he had arrested other persons and had ''turned the money in under an assumed name, and I didn't want any publicity, and he said he would avoid all of that.'' Smith testified that after arresting him and talking to him about it, appellant figured the amount of the fine and he gave it to appellant, and said witness further testified ''He said he would turn the money in under an assumed name and there would never be nothing to it; that he would turn the money in under an assumed name to avoid publicity.'' Again Smith said: ''I did not give my consent to this defendant to convert that money to his own use. I told him to turn it in. He told me that it would be turned in to the registry of the court under an assumed name.'' That this made appellant the agent of Smith for the purpose of paying the money so turned over to appellant to the authorities, seems clear. Smith v. State, 53 Texas Crim. Rep. 121; Adams v. State, 172 S. W. Rep. 219.

Regretting our inability to agree with the propositions advanced, the motion for rehearing will be overruled.

*Overruled.*