HOWARD L. ALLEN v. THE STATE.

No. 14289.   Delivered November 13; 1931.

The opinion states the case.

*Francis M. Chaney,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee; the punishment, confinement in the penitentiary for two years.

The state's testimony was, in substance, as follows: Miss Dill owned certain certificates of stock in Cities Service Corporation and Arkansas Natural Gas Corporation. She delivered these certificates of stock to George Jackson, an employee of appellant, with instruction to take the certificates to appellant and have him use them as collateral in borrowing $775 from a bank. She further instructed Jackson that appellant was to use the money secured from the bank to buy Central Public Service Stock for her and in her name. Without Miss Dill's consent appellant sold the stock intrusted to him and used the money for his own benefit. He did not purchase the stock in Central Public Service for her. It appears that appellant was a broker.

The opinion is expressed that the testimony found in the record fails to show that appellant is guilty of the crime of theft by bailee. The facts are similar to those disclosed in the case of Landrum v. State, 73 Texas Crim. Rep., 580, 166 S. W., 726. In that case the injured party was the owner of certain stock in the Amicable Life Insurance Company. The accused told her that he was the agent of the Mutual Loan and Investment Company, and that he had an option on 250 shares of stock of the

Western Casualty and Guaranty Company. The injured party delivered to accused her stock in the Amicable Life Insurance Company and gave him a note for $300, with instructions that he should procure shares of stock in the Western Casualty and Guaranty Company for her. She said she did not sell him her stock. The accused sold the stock delivered to him by the injured party and converted the proceeds to his own use and benefit. In holding that the facts showed embezzlement this court said that an agency or fiduciary relationship was shown by the testimony of the injured party. See Brown v. State, 99 Texas Crim. Rep., 441, 270 S. W., 179; also Lee v. State, Opinion on Original Submission, 81 Texas Crim. Rep., 117, 193 S. W., 316.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.