## F. R. SHERMAN V. THE STATE.

No. 16085.   Delivered June 14, 1933.
Reported in 61 S. W. (2d) 488.

The opinion states the case.

*Wright Stubbs* and *Emmett Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for five years.

Mary L. Shepherd was the owner of twenty shares of stock

in the North Texas Building and Loan Association, having an aggregate value of $1148.00. On the 26th of October, 1931, she delivered her stock to appellant under an agreement whereby he was to sell it and invest the proceeds for her in Corporate Trust Shares. At the time of delivery, appellant stated to Miss Shepherd that he was a representative of the Corporate Trust Shares, and that he would deliver Corporate Trust Shares of stock to her on November 15, 1931. Certificates of stock in other corporations were also delivered to appellant by the injured party. After delivering her stock to appellant, Miss Shepherd advised the North Texas Building and Loan Association not to transfer her stock, as she had reached the conclusion that appellant was not trustworthy. Later, after satisfying herself that appellant was a proper person to sell her stock and invest for her in Corporate Trust Shares, she advised the company to transfer the stock to appellant. This was done, and thereafter, on January 9, 1932, appellant sold the stock and converted the proceeds to his own use and benefit. At no time did he invest the proceeds in Corporate Trust Shares. Without setting them out, the circumstances are sufficient to show that appellant formed the intent prior to the sale of the injured party's stock to convert the proceeds to his own use and benefit. Approximately a month after he had sold the stock and converted the proceeds, appellant advised the injured party that he had not sold her stock. He stated to her, in effect, that Corporate Trust Shares were going down in value, and that he did not think it was wise to invest in such shares. Again, he stated that he had $8,000 that he was going to invest in a business in Austin. He advised Miss Shepherd to authorize him to sell her stock and invest the proceeds in his business, declaring that she would receive a monthly income from her investment. At this time the injured party did not know that appellant had already sold her stock and converted the proceeds. After some persuasion, she agreed to appellant's plan and delivered to him the balance of her stock in various corporations, aggregating in value $7,000. Appellant sold all of the stock, and converted the proceeds to his own use and benefit.

Appellant contends that the indictment fails to sufficiently set out the capacity in which he was acting. It was averred in the indictment that appellant was the agent of Mary L. Shepherd, a private person. Moreover, it was alleged that the property in question had come into appellant's possesson and was under his care by virtue of his employment as such agent. The capacity in which the accused was acting for his principal when the property came into his possession must be alleged in

such manner as to bring it within the terms of the statute. The allegation that appellant was the agent of Mary L. Shepherd, a private person, is an allegation of a capacity named in the statute, and is therefore sufficient. Miller v. State, 225 S. W., 379. We have not undertaken to set out the indictment in detail.

The evidence is deemed sufficient to support a conviction for embezzlement. See Allen v. State, 43 S. W. (2d) 586; Landrum v. State, 166 S. W., 726; Henderson v. State, 117 S. W., 825.

Appellant contends that the agreement Miss Shepherd had with him on February 13th established the relationship of debtor and creditor, his position being that it was agreed by the injured party that he might use the proceeds from the sale of the stock to invest in his business in the city of Austin. In other words, appellant takes the position that under the agreement last mentioned the relation of debtor and creditor was established, rather than that of principal and agent. At the time the agreement of February 13th was made, appellant had already sold the stock described in the indictment and embezzled the proceeds. The injured party did not know this fact. Under her original agreement with appellant, he was to sell the stock and invest the proceeds in Corporate Trust Shares. Appellant had no business in the city of Austin. So far as the record reflects the matter, the representations made to the injured party were false. We deem the transaction of February 13th, as constituting a mere incident to the carrying out of a fraudulent scheme on the part of appellant. Hence such transaction would not render the relation of the parties one of creditor and debtor, rather than of principal and of agent, so as to preclude a conviction for embezzlement. Stecher v. State of Wisconsin, 70 A. L. R., 203.

The next contention is that the proof fails to support the allegation in the indictment that appellant embezzled the stock. It is appellant's position that, if the stock was sold pursuant to the agreement with the injured party, the proceeds, and not the certificates of stock, were embezzled. We have heretofore stated that the circumstances are deemed sufficient to show that appellant formed the intent to embezzle the proceeds prior to the time that he sold the stock. Notwithstanding that appellant may have had authority to make the sale of the stock alleged to have been embezzled, yet, if he sold the same with the formed intention to defraud the owner and to convert the proceeds to his own use and benefit, he is as much guilty of embezzlement of the stock as if he had no authority to make such

sale. Leonard v. State, 7 Texas App., 417; Henderson v. State, 117 S. W., 825. We quote from 16 Tex. Jur., p. 351, as follows:

"Sometimes one who has sold property entrusted to him for sale and absconded with the proceeds, on being accused of embezzlement of the proceeds of the sale, will defend on the theory that what he embezzled was the property itself, and vice versa. It seems that this is largely a question of intent. It has been said that if at the time of the sale the accused had the intent to appropriate the proceeds, he is guilty of embezzlement of the article, but that if the intent to appropriate them develops after the property has been sold he is guilty of embezzlement of the proceeds of the sale.

"The reason for this rule is that, if it were to be held that only the proceeds of the sale were embezzled in such circumstances the agent could sell valuable property for less than fifty dollars and thus by his own act make of a felony a misdemeanor; or, if he should transfer it in the form of a gift to secure some benefit to himself, he would not be guilty of any crime at all. This view would lead to such absurdity as to make its adoption impossible."

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.