## JOHN W. BURNS V. STATE.

No. 24239. January 26, 1949.
State's Motion for Rehearing Denied March 16, 1949.

*Levy Pressley,* Fort Worth, for appellant.

*W. H. Tolbert,* First Assistant District Attorney, Tarrant County, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is embezzlement. The punishment assessed is confinement in the state penitentiary for a term of 10 years.

The only question presented for review is that of a claimed variance between the allegations in the indictment and the proof.

It was charged in the indictment that on the 10th day of June, 1947, John W. Burns was the agent of Cleotha L. Sel-

lers, a private person, and the said John W. Burns did then and there fraudulently embezzle, misapply, and convert to his own use, without the consent of said Cleotha L. Sellers, a private person, certain money belonging to said Cleotha L. Sellers, to-wit: $2260 which said money had come into his possession and was under the care of said John W. Burns, by virtue of his employment as such agent, against the peace and dignity of the state. In a subsequent paragraph, it charged a former conviction for a similar offense.

The evidence adduced by the state shows that Cleotha L. Sellers owned a home in Fort Worth, Tarrant County, Texas, and one Ed Mead and wife desired to purchase the property, but did not know who owned it. They contacted appellant and inquired of him if he knew or could ascertain for them who owned it. He examined the deed records which disclosed the fact that Cleotha L. Sellers was the owner, but appellant did not know his whereabouts. He made some inquiry and learned from Mary Riggins that Sellers resided in the State of California and had requested her to sell the property for him. Appellant prepared a power of attorney which he gave to Mary Riggins to be executed by Sellers authorizing her to sell his property. Thereupon, she, under her power of attorney, agreed to sell the property to the Meads for $2260. Appellant prepared a deed to be executed by Cleotha L. Sellers, which deed was forwarded to Sellers by Mary Riggins, his agent; that after Sellers had signed and asknowledged the deed by which he conveyed the property to Ed Mead and wife he returned it to Mary Riggins. Upon receipt thereof, Mary Riggins notified appellant, who obtained the deed from her and delivered it to Ed Mead and wife upon the payment to him of the $2260 which he did not deliver to Mary Riggins, agent for Sellers, nor did he pay it to Sellers, but apparently converted it to his own use.

Sellers testified, "I authorized Mary Riggins to sell the property for me. She was my agent. Burns never was my agent." Mary Riggins, among other things, testified as follows: "I stated Burns was acting as my agent. He was not my agent. He was Mead's agent. I didn't have any agent. He was acting for me in that capacity." Ed Mead testified, among other things, that he had employed appellant as his agent in the matter. This is, in substance, all of the evidence relating to agency.

The evidence fails to show that appellant was the agent of Cleotha L. Sellers, and therefore fails to sustain the allegation in the indictment. Mary Riggins, at one point in her testimony,

stated that appellant was acting for her, but this would not make him Seller's agent unless it be made to appear that Sellers had authorized her to engage a subagent. American Jurisprudence, Vol. 2, page 138, Sec. 173, states the rule as follows:

"It is a principle generally recognized that an agent on whom is conferred special authority involving trust and confidence in the agent has no power to delegate his authority and bind his principal by the acts of a subagent. Accordingly, it is held that an agent to whom authority to collect a note is given cannot delegate that authority to another* * *." However, there are exceptions to the general rule, namely, where an agent collects money through a bank in the usual way or where the debtor resides quite a distance from the agent, the authority to do so will be implied; but this condition did not exist in the instant case. The proof shows that appellant was not the agent of Sellers, as charged in the indictment, and therefore no fiduciary relations existed between appellant and Sellers. Hence, there *is* a fatal variance between the allegations in the indictment and the proof. If, however, it could be said that he was the agent of Mary Riggins, it would nevertheless constitute a variance. See Grice v. State, 88 Tex. Cr. R. 106 (225 S. W. 172.)

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

Appellant was charged with embezzlement of the funds of Cleotha Sellers, as his agent. The testiony is clear that he was not the agent of Cleotha Sellers, and no duties had devolved upon him as such agent. There was an agency developed upon the part of appellant, but none for the person alleged in the indictment.

We think the original opinion herein is correct, and the motion will, therefore, be overruled.